**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROGELIO MALDONADO ROSAS,

  Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

  Respondent.

No. 25-184

Agency No.
A219-523-706

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 23, 2026
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

  Rogelio Maldonado Rosas petitions this court for review of the Board of

Immigration Appeal's ("BIA") affirmation of the Immigration Judge's ("IJ")

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(collectively, "the Agency")  denial of relief under the Convention Against Torture ("CAT").

Pursuant to the governing statute, a petition for review of a BIA decision "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1).  The statutory deadline is a non-jurisdictional rule. *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1047 (9th Cir. 2023).  In this case, the BIA's decision was filed on November 7, 2024.  Maldonado Rosas's petition for review was filed on January 10, 2025, more than two months after the filing of the BIA decision.  Therefore, the petition was untimely pursuant to 8 U.S.C. § 1252(b)(1).

We assume, without deciding, that the principles of equitable tolling apply to 8 U.S.C. § 1252(b)(1), and that Maldonado Rosas's petition qualifies for equitable tolling, so we turn to the merits of his claims.  We review the agency's determination that a petitioner is not eligible for relief under CAT for substantial evidence, but we review "issues of law regarding CAT claims de novo." *Cole v. Holder*, 659 F.3d 762, 769-70 (9th Cir. 2011).  Where the BIA summarily affirms the decision of the IJ, as it did here, we review the IJ's decision in its entirety. *Lanza v. Ashcroft*, 389 F.3d 917, 925-26 (9th Cir. 2004).

I

Substantial evidence supports the Agency's denial of CAT relief. Under the CAT, a petitioner must show that it is "more likely than not" that he will be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). There is no evidence in the record that Maldonado Rosas suffered torture in Mexico. The only evidence of torture he cites, besides generally asserting that Mexico is presently dangerous, is that someone shot at his sister's neighbors' house. He testified at his hearing that he did not know why the shooting occurred and that he had not been personally harmed in Mexico. He testified that the primary reason he did not wish to return to Mexico was his medical condition. Given the state of the tendered evidence, substantial evidence supports the IJ's conclusion that Maldonado Rosas had not shown that he would, more likely than not, suffer torture on return to Mexico.

Maldonado Rosas argues that the IJ failed to consider country conditions reports in the record and to develop the record at Maldonado Rosas's hearings. "CAT's implementing regulations explicitly require the agency to consider all evidence relevant to the possibility of future torture, and we have repeatedly reversed where the agency has failed to do so." *Parada v. Sessions*, 902 F.3d 901, 914-15 (9th Cir. 2018) (citation modified). However,"[t]hat is not to say that the

BIA must discuss each piece of evidence submitted. When nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a general statement[,]" similar to the IJ's here, "that the agency considered all the evidence before it may be sufficient." *Cole*, 659 F.3d at 771 (citation modified).

In *Cruz v. Bondi*, 146 F.4th 730, 740 (9th Cir. 2025), we held that "a petitioner must satisfy two elements to establish that the agency did not consider all the evidence before it." First, the petitioner must clearly and affirmatively show what specific record evidence was ignored by the Agency. *Id.* "Second, a petitioner must explain why that evidence was not just material, but highly probative or potentially dispositive. So, for instance, a petitioner cannot satisfy this burden if focusing more closely on a piece of evidence would be futile because the BIA would reach the same decision." *Id.* (citation modified).

Here, while Maldonado Rosas has cited several pages within the country conditions reports that he believes the agency ignored, it would be futile for the Agency to more closely review the country conditions reports. Nothing in the cited pages of the country conditions reports suggests that Maldonado Rosas's lack of access to healthcare would constitute torture under CAT. As such, there was nothing in the country conditions reports relevant to Maldonado Rosas's claims, and because "nothing in the record or the [Agency's] decision indicates a failure to

consider all the evidence, a general statement that the agency considered all the evidence before it [is] sufficient" here. *Cole*, 659 F.3d at 771 (citation modified). Thus, the Agency's brief discussion of the evidence was sufficient.

II

If an immigrant is "proceeding pro se, the IJ has an obligation to fully develop the record, meaning the IJ must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. The judge must be especially diligent in ensuring that favorable as well as unfavorable facts are elicited." *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) (citation modified). However, "[t]hese procedural protections do not . . . detract from the [immigrant's] statutory burden of proof to establish that [he] satisfies the applicable eligibility requirements for the relief sought." *Id.*

The IJ explained the requirements for CAT protection to Maldonado Rosas and then asked several questions in order to develop his testimony. Throughout the removal proceedings, Maldonado Rosas had several opportunities to mention any fear of torture he might face, including a fear of moving back to the area near his sister because of the violence her neighbors had experienced. Yet Maldonado Rosas indicated several times that his fears were related to access to healthcare. Maldonado Rosas's own testimony indicated that there was no pathway for CAT

5

relief.  *See Zamorano*, 2 F.4th at 1226 ("[O]nce Zamorano testified that the only reason he feared returning to Mexico was that he didn't 'know how to start a life in a new country,' there was nothing left for the IJ to do, because Zamorano's own testimony established there was no basis for asylum or withholding of removal."). As such, the IJ did not fail to develop the record at the removal proceedings because the IJ asked pertinent questions, yet Maldonado Rosas's testimony clearly indicated that his fear was not one that made him eligible for CAT relief.

**PETITION DENIED.** [1]

---

[1] Petitioner's motion for miscellaneous relief (Dkt. No. 9) is granted. The temporary stay of removal is lifted upon the issuance of the mandate. (Dkt. Nos. 2, 15).